# United States Court of Appeals for the Fifth Circuit

———————————

No. 22-60339
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 14, 2023

Lyle W. Cayce
Clerk

Joselyn Esther Peres-Ramirez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A220 670 660

———————————————————

Before Barksdale, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

Joselyn Esther Peres-Ramirez, a native and citizen of Venezuela, petitions for review of the Board of Immigration Appeals' (BIA) dismissing her appeal from an order of the Immigration Judge (IJ) denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60339

Peres contends the BIA erred in ruling she failed: to show, for purposes of past persecution, the requisite nexus between the harm she suffered and feared in Venezuela and her political opinion; and to show a well-founded fear of future persecution. (She does not challenge the BIA's denying withholding of removal or CAT relief. *E.g.*, *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (stating issues not briefed are abandoned).)

We examine "the BIA's decision and only consider the IJ's decision to the extent that it influenced the BIA". *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). Factual findings are reviewed for substantial evidence; legal conclusions, *de novo*. *E.g.*, *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). The substantial-evidence standard applies to factual determinations that an alien is ineligible for asylum, withholding of removal, and CAT protection. *E.g.*, *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under that standard, our court will uphold the BIA's decision unless petitioner shows "the evidence was so compelling that no reasonable factfinder could conclude against it". *Wang v. Holder*, 569 F.3d 531, 536–37 (5th Cir. 2009).

To qualify for asylum, an alien must prove she is "unable or unwilling to return to the country of [her] nationality because of persecution or a well-founded fear of persecution on account of" one of five enumerated grounds. *Milat v. Holder*, 755 F.3d 354, 360 (5th Cir. 2014) (citation omitted). In this context, "on account of" means the protected ground "was or will be at least one central reason" for the persecution. *Id.* (citation omitted). Along that line, "although a statutorily protected ground need not be the only reason for the harm, it cannot be incidental, tangential, superficial, or subordinate to another reason for the harm". *Shaikh*, 588 F.3d at 864 (citation omitted).

Peres contends the BIA mischaracterized the record when it found her persecutors were motivated by financial gain rather than a protected ground.

2

No. 22-60339

She asserted two events as her bases for establishing persecution: the robbery of her father's store; and the kidnapping of her and her mother.

Regarding the former, she testified that the criminals threatened she was going "to pay the consequences" for her father's actions. While she believed the threat meant she would pay for her father's decision to stop supporting the government, she never asserted in her testimony that the criminals' decision to rob the store was because of her father's support of the opposition. Furthermore, as the BIA noted, the newspaper article Peres submitted stated the robbers had been committing crimes in the shopping center for months, which supports the conclusion that the robbery was not politically motivated, but rather was motivated by criminality and a desire for financial gain. The record does not compel a different conclusion. *See, e.g., id.* (persecution was not on account of religion where criminals extorted all business people in neighborhood); *Thuri v. Ashcroft*, 380 F.3d 788, 792–93 (5th Cir. 2004) (upholding denial of asylum where IJ concluded conduct "driven by a criminal, non-political motive").

For the latter event, Peres fails to show the kidnapping by unknown individuals was motivated by her political opinion. Though she contends the kidnappers' vague threat she would have to "pay for it all" shows they abducted her for political reasons, there is no evidence that the kidnappers even knew about her support for the opposition party. Further, that the kidnappers released her without demanding a ransom does not mean her political opinion was a "central reason" for the kidnapping, especially where the kidnappers never mentioned the government or Peres' support for the opposition. *E.g., Shaikh*, 588 F.3d at 864. Again, the evidence does not compel a finding the persecutors were politically motivated. *See Wang*, 569 F.3d at 537 (reversal under substantial-evidence standard requires evidence "so compelling that no reasonable factfinder could conclude against it").

No. 22-60339

In maintaining the BIA erred in finding she failed to show a well-founded fear of future persecution in Venezuela based on her parents' remaining in Venezuela unharmed, Peres contends: she is not similarly situated to her parents with respect to her political views; and the BIA ignored record evidence in support of those differences. Assuming without deciding she exhausted this issue, and as discussed *supra*, there is nothing in the record showing Peres' active opposition to the government played a role in either the robbery or the kidnapping she experienced in Venezuela. The criminal actors involved in those two incidents never mentioned any of the factors Peres relies on to distinguish herself from her parents.

As stated, there is no evidence that the criminals even knew Peres was opposed to the government. Accordingly, the BIA reasonably concluded her family's remaining in Venezuela unharmed diminished the objective reasonableness of her fear of persecution. *E.g.*, *Eduard v. Ashcroft*, 379 F.3d 182, 193 (5th Cir. 2004) ("alien's fear of persecution [was] reduced when his family remain[ed] in his native country unharmed").

And while the BIA did not directly address her contention that her situation was distinguishable from that of her parents because of her political activism, this court does not require "the BIA address evidentiary minutiae or write any lengthy exegesis". *Abdel-Masieh v. INS*, 73 F.3d 579, 585 (5th Cir. 1996). The BIA's decision reflects a "meaningful consideration" of whether Peres had a well-founded fear of future persecution; she fails to show error. *Id*.

DENIED.